**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

MARTIN MUNSEN,

                                        Plaintiff,

        v.                                                    No. 12-CV-439
                                                                      (LEK/CFH)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

_____

**APPEARANCES:**                                  **OF COUNSEL:**

THE LAW FIRM OF ALEX DELL P.L.L.C.        JENNIFER L. STORM, ESQ.
Attorney for Plaintiff
450 New Karner Road
Wall Street Centre
Albany, New York 12205

HON. RICHARD S. HARTUNIAN               KATRINA M. LEDERER, ESQ.
United States Attorney for the                   Special Assistant United States Attorney
    Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    On March 12, 2012, Plaintiff Martin Munsen initiated this action, pursuant to 42 U.S.C.

§ 405(g), seeking review of a decision by the Commissioner of Social Security denying his

application for disability benefits.  Compl. (Dkt. No. 1).  In accordance with General Order

18, defendant filed an answer along with the administrative transcript. Dkt. Nos. 7-8.  And,

in accordance with the time frame established in General Order 18, Munsen's brief in this

matter was due on August 13, 2012.  On December 5, 2012, having received no brief from

Munsen, this Court <u>sua</u> <u>sponte</u> issued an order extending Munsen's time to file a brief until January 22, 2013. Dkt. No. 11. Within that order, Munsen was informed that his brief was an integral vehicle in obtaining the relief sought and that his "continued inaction in this matter could result in the Court dismissing his case." <u>Id.</u> at p. 1. Specifically, the Court wrote:

> Plaintiff is warned that, in accordance with the Federal Rules of Civil Procedure and Local Rules of this District, his continued inaction in this matter could result in the Court dismissing her case. FED. R. CIV. P. 41(b); N.D.N.Y.L.R. 41.2(a). **The Brief is Plaintiff's only opportunity "to set forth the errors Plaintiff contends were made by the Commissioner of Social Security that entitle Plaintiff to relief."** <u>See</u> General Order 18 at p. 4. **Plaintiff is further warned that his "failure to file a Brief as required by this order will result in the consideration of this appeal without the benefit of Plaintiff's arguments and may result in a decision heavily influenced by the Commissioner's version of the facts and subsequent dismissal of [his] appeal."** <u>Id.</u>

<u>Id.</u> at pp. 1-2.

To date, the Court has received no further correspondence from Munsen. In fact, the last communication received from Munsen was the returned, executed summonses on March 19, 2012. Dkt. No. 6. It appears as if Munsen is not interested in further prosecuting this matter and has abandoned his claim. N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); <u>see</u> <u>also</u> FED. R. CIV. P. 41(b); <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-32 (1962) (recognizing the federal court's inherent power to dismiss an action with prejudice because of the plaintiff's failure to prosecute and that Rule 41(b), which authorizes a defendant to move for such relief, does not divest a court of its inherent power to do same

upon its own motion). Because Munsen has failed to provide either the benefit of his arguments or claims of error purportedly committed by the Administrative Law Judge, this Court cannot assess the viability of any claim for relief. Further, given Munsen's continued failure to take any action herein, this Court declines to do a summary review of the administrative transcript without some direction as to what errors allegedly occurred.

For the reasons stated herein, it is

**RECOMMENDED**, that this matter be dismissed due to Munsen's failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED.**

Dated: January 23, 2013
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

3